DUTTON v. GULF, C. & S. F. RY. CO. et al.
(No. 850.)

(Court of Civil Appeals of Texas. El Paso. May 16, 1918. Rehearing Denied June 13, 1918.)

1. APPEAL AND ERROR ⬯1062(5) — IMMATERIAL ISSUES—OBSTRUCTION OF HIGHWAY.

In suit for damages for obstruction of public road by erection of railroad station across the road, but not seeking to compel removal of obstruction, where the jury found that plaintiff has sustained no damage by reason of the obstruction, the issue of the abandonment of the road prior to the obstruction became immaterial.

2. APPEAL AND ERROR ⬯882(12) — INVITED ERROR—INSTRUCTIONS.

Plaintiff could not complain of instruction which did not materially differ from a special charge which she requested; the error, if any, being invited.

Appeal from District Court, McCulloch County; J. O. Woodward, Judge.

Suit by M. C. Dutton against the Gulf, Colorado & Santa Fe Railway Company and another. From judgment for defendants, plaintiff appeals. Affirmed.

Shropshire & House, of Brady, T. C. Wilkinson, of Brownwood, and F. M. Newman, of Brady, for appellant. Terry, Cavin & Mills, of Galveston, Sam McCollum, of Brady, and Lee, Lomax & Smith and Lockett & Rowe, all of Ft. Worth, for appellees.

HIGGINS, J. Mrs. M. C. Dutton owned 160 acres of land upon which the city of Brady was in part located. Brady creek ran

east and west through the tract. The portion south of the creek was subdivided into lots and blocks. All or a portion of the land north of the creek was also subdivided into lots and blocks. In 1910, the Gulf, Colorado & Santa Fé Railway Company desired to extend its line from Lometa to Brady, and Mrs. Dutton conveyed to said company a strip of land 300 feet wide for right of way and depot grounds, said strip being situate north of Brady creek and extending from the east line of her land to the west line thereof.

At one time the Brady-Brownwood public road extended from Brady north to Brownwood and crossed Brady creek at the west boundary line of Mrs. Dutton's land at a ford. This road ran upon and along the west side of Mrs. Dutton's land. When the railroad built into Brady, it built its depot directly across said old road, just north of the ford, and completely obstructed the same. The depot was situate upon the 300 feet strip conveyed by Mrs. Dutton as aforesaid. This suit was brought by Mrs. Dutton, alleging that the obstruction of said road had diminished the value of her property in the sum of $15,000, for which amount she sought judgment.

In response to special issues, the jury found that the Brady-Brownwood public road as described above had been abandoned by the traveling public at the time the depot was erected; further, that the erection of the depot over and across the road had not lessened or diminished the value of Mrs. Dutton's property. Upon such findings judgment was rendered in favor of the Santa Fé Railway Company and its codefendant, the Ft. Worth & Rio Grande Railway Company, and Mrs. Dutton appeals.

Error is assigned to the submission of the issue of whether or not the Brady-Brownwood road had been abandoned by the traveling public at the time of the erection of the depot. It is asserted that the evidence is insufficient to raise the issue. The depot was built just north of Brady creek where the road crossed the creek. The evidence shows that in 1894 a bridge was built across the creek about two blocks west of the ford. The commissioners' court thereafter ceased to work the old road at the ford, and the traffic was diverted from the ford to the bridge and the ford crossing at that point was no longer used.

[1] An examination of the statement of facts discloses that there is evidence of an abandonment by the traveling public of the road at the ford from the time the bridge was built, and there was therefore no error in submitting the issue. Furthermore, Mrs. Dutton was not seeking to compel the removal of an obstruction from a public road, but simply to recover damages alleged to have been caused by the same. The issue of aban-

donment therefore became immaterial in view of the further finding that she had sustained no damage by reason of the obstruction.

[2] A number of assignments complain of the charge wherein the jury was instructed with reference to offsets against the damage claimed by Mrs. Dutton. If the charge be objectionable, it is not subject to the particular objections urged. Furthermore, it does not materially differ from a special charge requested by plaintiff, and the error, if any, was therefore invited.

The remaining assignments complain of rulings on evidence. We think they present no reversible error.

Affirmed.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.